Filed 6/21/13  P. v. Wesp CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047111 |
| v. | (Super. Ct. No. 12NF0103) |
| DONALD MITCHELL WESP, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, H. Warren Siegel, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Theodor S. Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

A jury found defendant Donald Mitchell Wesp guilty of possession of methamphetamine. In sentencing defendant, the court exercised its discretion pursuant to Penal Code section 1385 and struck two of defendant's prior felony convictions. The total sentence imposed by the court is five years in state prison.

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel did state there was a potential issue regarding whether the police officer's testimony and the evidence he seized should have been suppressed.

Defendant was given 30 days to file written argument in defendant's own behalf. We received a handwritten document from defendant in which he lists various legal issues such as "filing false police reports," "fabricating evidence" or "false arrest." Taken as a whole, the document appears to accuse defendant's trial lawyer of incompetence since there are various notations about "frivolous motions to suppress," "fabricating evidence with prosecutor," "she would not do as told she would not mention anything about evidence that would defend me nothing" and "using a pack of sugar to mislead the jury an stating I had a prior. Misleading the jury."

Prior to trial in this case, the court conducted a motion to suppress evidence. Fullerton Police Officer Kevin Kirkreit testified he was patrolling a high crime area around the parking lot of a motel on Raymond Street in Fullerton on January 9, 2012 with another officer when he made contact with defendant. Kirkreit asked defendant how he was doing, and then Kirkreit and defendant conversed. Kirkreit asked defendant whether he would mind being searched for weapons or drugs, and defendant said he did not mind. Kirkreit found .1 gram of methamphetamine on defendant's person, an amount the officer said was useable.

The question of the voluntariness of a consent to search is to be determined in the first instance by the trier of fact. "'"The power to judge credibility of witnesses,

resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor proper exercise of that power, and the trial court's findings—whether express or implied—must be upheld if supported by substantial evidence." [Citation.]' [Citations.]" (*People v. Siripongs* (1988) 45 Cal.3d 548, 566-567.) "In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]" (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

The trial court denied the motion to suppress. We conclude substantial evidence supports the trial court's finding that consent to search was freely and voluntarily given.

To establish a claim of ineffective assistance of counsel, a defendant must establish both counsel's representation fell below an objective standard of reasonableness and it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 686-688.) Here we have combed the record and note defense counsel raised appropriate legal issues to the court, more than adequately cross-examined witnesses and presented competent arguments. Under the circumstances we find in this record, we cannot conclude defense counsel was ineffective in representing defendant.

The judgment is affirmed.

MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

3